```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION


CHARLES A. GOREE,                    :

     Plaintiff,                      :

vs.                                  :
                                         CIVIL ACTION 09-0171-CG-M
MICHAEL J. ASTRUE,                   :
Commissioner of
Social Security,                     :

     Defendant.                      :
```

<u>REPORT AND RECOMMENDATION</u>

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Oral argument was heard on September 21, 2009.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Charles A. Goree.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*


*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-three years old, had completed a high school education (Tr. 169), and had previous work experience as an industrial cleaner at a chicken plant, a machine operator at a glass plant, and a foundry worker (Tr. 170-72, 181).  In claiming benefits, Plaintiff alleges disability due to neck, back and arm pain, status-post cervical fusion, pain disorder with psychological factors, and limited intellectual functioning (Doc. 18 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on June 16, 2005 (Tr. 60-62; *see* Tr. 15).[1]  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Goree was capable of performing a full range of light work (Tr. 12-27).[2]  Plaintiff requested review of the

---

[1] Defendant has stated that Plaintiff's SSI application does not appear in the transcript (Doc. 19, p. 1 n.1)_.

[2] The ALJ also stated that Goree was capable of performing his past relevant work as an industrial foundry worker (Tr. 26).  The Court notes, however, that the Vocational Expert (hereinafter *VE*) testified that that job was heavy, unskilled work (Tr. 181).  In further reading through his testimony, the Court notes that the VE

hearing decision (Tr. 8) by the Appeals Council, but it was denied (Tr. 3-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Goree alleges that:  (1) The ALJ did not properly evaluate his complaints of pain; and (2) the ALJ did not properly consider the opinion of an examining physician (Doc. 18).  Defendant has responded to—and denies—these claims (Doc. 19).  The relevant[3] record evidence is as follows.

On September 7, 2005, a consultative physical examination was performed by Dr. Orbezo who found no atrophy or deformity in Goree's shoulders, elbows, wrists, or hands; there was good dexterity on both the right and left (Tr. 112-13).  Both wrists and elbows had full range of motion (hereinafter *ROM*).  There was restricted motion in the shoulders, but more on the left; Orbezo noted that Plaintiff put forth poor effort.  The doctor also noted minimal effort in attempting the spinal ROM exam and inconsistency in the results.  Goree had normal rotation of the neck and his lower extremities had full ROM.  In providing a prognosis, Dr. Orbezo stated the following:

---

stated that Plaintiff's past work as an industrial cleaner in a chicken processing plant was light, unskilled work (Tr. 181).  The Court finds that the ALJ, most likely, meant to find that Goree was capable of performing his past relevant work as an industrial cleaner and that his mis-statement amounts to, at most, harmless error.

[3]The Court has reviewed all of the record evidence, but will not summarize herein that which is not relevant to the claims raised.

> Although his range is slightly decreased in anterior posterior flexion, he is still able to perform such jobs as driving, as he is able to rotate his head to look over his shoulder, and he has no atrophy of the upper extremity and should be able to handle small objects well or any job that involves good dexterity. Pushing, pulling, lifting more than 20 pounds on a daily basis and raising arm to above the shoulder may be slightly restricted, but overall his communication skills are appropriate for the eighth grade level and he should be able to perform communication skill related jobs. His prognosis for work is slightly decreased but he should otherwise, be able to find positions in telecommunications, traveling, directing, assisting, and handling small objects.

(Tr. 113).

On October 11, 2005, x-rays showed minimal spurring with slight loss of the joint space at L4-5 on S-1 (Tr. 115). In the cervical spine, there was complete loss of normal curvature with moderate arthritic changes in the C-3 through C-6.

A psychological evaluation was performed on December 4, 2007 by John R. Goff who noted that Goree's main complaint was pain (Tr. 149-56). Goff stated that Plaintiff's memory was difficult to evaluate as "[h]e is distracted by his discomfort and also I think he is functioning at a low level cognitively" (Tr. 151). Administration of the Wechsler Abbreviated Scale of Intelligence resulted in a scores in the borderline range of psychometric intelligence though the verbal score was in the mildly retarded

range. The Psychologist noted that Plaintiff had problems with his neck, dating from an injury in the 1990's, but that he did not have any medical records regarding it. He went on to state the following:

> He is in pain and that is a limiting factor. Again it is impossible for me to determine the nature of his physical distress. The psychological profile contains a very highly elevated and prominent conversion 'V' configuration. This suggests a tendency to convert psychological conflicts into physical symptom presentation. I would hasten to point out that this does not mean that he does not have something wrong with his neck. It think it is quite likely that he does have something wrong with his neck. His neck has become the center of his existence and I cannot rule out the possibility at least that psychological factors are interfering with or exacerbating the difficulties with his neck.
>
> . . . . Again the relative contribution of psychological and physical factors is extraordinarily difficult to ascertain without an adequate physical evaluation or other information, such as radiographic findings and such.

(Tr. 153). Goff also completed a mental medical source opinion form in which he indicated that Goree had a number of marked and extreme limitations that would hamper his ability to work (Tr. 155).

Goree testified at the hearing that the pain in his back, neck, and shoulders is eight on a ten-point scale; he can only lift his arms shoulder high, causing him to feel pain across his

shoulders (Tr. 172-74).  This pain is the result of a car wreck in 1994 in which he broke his neck; though he takes medication, it does not help (Tr. 174, 176).  Because of his limitations, he can only walk two blocks, stand for twenty minutes, and sit for twenty minutes (Tr. 176).  Plaintiff lies down for about five hours every day with a vibrator on his neck which helps a lot (Tr. 176-77).

The ALJ faithfully summarized the record evidence and determined that Plaintiff was capable of returning to his past work as an industrial cleaner (*see* footnote 2).  In reaching this decision, the ALJ found that although Goree's impairments caused some limitations, those restrictions were not to the severity asserted by Plaintiff (Tr. 25).  The ALJ gave substantial weight to the opinions of Dr. Orbezo; he did not give great weight to Psychologist Goff's opinions, finding that they were based "primarily on the claimant's subjective complaints and [because he] stated that the relative contribution of psychological and physical factors is very difficult to ascertain" (Tr. 25).  The ALJ also relied on the testimony of the VE in reaching his decision ((Tr. 26; *cf.* Tr. 180-84).[4]

Goree first claims that the ALJ did not properly consider his claims of pain.  The standard by which the Plaintiff's

---

[4]The Court notes that Plaintiff has raised no claim regarding this testimony.

complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).  Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as

>           consistent with the medical signs and
>           laboratory findings), would lead to a
>           conclusion that you are disabled.

20 C.F.R.. 404.1529(a) (2009).

The Court notes that, in making this claim, Goree points to the opinions of Goff.  As noted earlier, however, the Psychologist stated that he did not have medical records relevant to Plaintiff's pain.  Therefore, the Court finds that Goff is not an appropriate source for determining how limited Goree would be from his physical impairments.[5]  In any event, the ALJ correctly noted that Dr. Orbezo had performed a thorough physical evaluation and found that Plaintiff was capable of working at a number of different types of jobs; there is no evidence of record, except for Goree's own testimony, which contradicts that opinion.  The Court finds that the ALJ properly considered Plaintiff's claims of pain and limitation and rejected the severity of those assertions.  Goree's claim otherwise is without merit.

Plaintiff has also claimed that the ALJ did not properly consider the opinion of an examining physician; Goree refers to

---

[5] At oral argument, Plaintiff's attorney noted that psychological evidence of pain was allowed, noting *McRoberts v. Bowen*, 841 F.2d 1077, 1080-81 (11th Cir. 1988).  *McRoberts* can be distinguished, though, as the Eleventh Circuit Court of Appeals specifically noted that the Psychologist there "offered objective evidence confirming that McRoberts's pain exists." *McRoberts*, 841 F.2d at 1081.  In this action, Goff acknowledged that Plaintiff suffered from pain, but repeatedly denied his ability to assess or quantify it.

the opinions expressed by Psychologist Goff (Doc. 18, pp. 3-8). As noted earlier, however, Goff has essentially admitted that he is not the appropriate source for expressing opinions regarding the physical limitations of Plaintiff's pain.  The Court agrees with the ALJ's conclusion that the Psychologist's opinions of marked and extreme limitation suffered by Goree were based on Plaintiff's own subjective statements.  Goree's claim lacks merit.

Plaintiff has raised two claims in bringing this action. Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Charles A. Goree.

<p style="text-align:center">MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS<br>AND RESPONSIBILITIES FOLLOWING RECOMMENDATION<br><u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u></p>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging

the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time
> is established by order.  The statement of objection
> shall specify those portions of the recommendation to
> which objection is made and the basis for the
> objection.  The objecting party shall submit to the
> district judge, at the time of filing the objection, a
> brief setting forth the party's arguments that the
> magistrate judge's recommendation should be reviewed *de
> novo* and a different disposition made.  It is
> insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.  Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 22nd day of September, 2009.


                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE